UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| TRACY HALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:16-CV-25-JRG |
| ) | 2:07-CR-26-JRG-1 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

Before the Court now is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 29]. Petitioner bases his request on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled to relief [Doc. 30]. For the reasons stated below, the motion [Docs. 29] will be **GRANTED.**

**I. BACKGROUND**

In 2007, Petitioner pleaded guilty to possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1) [Doc. 20 ¶¶ 1, 4]. He went on to "knowingly and voluntarily waive his right to . . . collaterally attack [his] conviction" except in cases "of ineffective assistance of counsel or prosecutorial misconduct" [*Id.*¶ 9(b)].

The Court deemed Petitioner to be an armed career criminal under 18 U.S.C. § 924(e)—and thus subject to that provision's 180-month mandatory minimum [Presentence Investigation Report ("PSR") ¶ 20] based on prior Kentucky convictions for attempted third-degree burglary [*Id.* ¶ 30], third-degree burglary [*Id.* ¶ 31], second-degree escape [*Id.* ¶ 32], and an Ohio

conviction for aggravated assault [*Id.* ¶49]. On March 5, 2008, the Court sentenced Petitioner to 180 months' imprisonment and five years' supervised release [Doc. 27]. No appeal was taken.

Nearly eight years later—on February 9, 2016—Petitioner filed the current § 2255 motion, citing *Johnson* as proof that he was improperly categorized as an armed career criminal [Doc. 29]. Respondent agreed, urging the Court grant immediate release and amend the judgment to reflect an appropriate term of supervised release [Doc. 30].[1]

## II. TIMELINESS OF PETITION

Section 2255(f) provides that the one-year statute of limitations applicable to collateral challenges runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review;" or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). The petition's reliance on *Johnson*, triggers the renewed one-year limitations period under subsection (f)(3). *See In re Windy Watkins*, No. 15-5038, slip op. at 9–10 (6th Cir. Dec. 17, 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and

---

[1] The Court finds that it need not address whether the waiver contained in Petitioner's plea agreement is enforceable, *see, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 U.S. Dist. LEXIS 109305, at * 37–39 (W.D. Ky. Nov. 7, 2008) (explaining knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice), due to the fact that Respondent expressly waives reliance upon it [Doc. 30 pp. 1–2 ("[I]n the interests of justice, the United States expressly waives reliance on the § 2255 waiver with respect to [P]etitioner's *Johnson*-based claim.")].

2

thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). The renewed period began to run on June 26, 2015 and, as a result, Petitioner's motion falls safely within the window for requesting collateral relief [Doc. 29].

   1.   STANDARD OF REVIEW AND ANALYSIS

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**III.   ANALYSIS**

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-

3

offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

Two of Petitioner's four predicate offenses were for attempted third-degree burglary and second-degree escape, both Kentucky convictions [PSR ¶¶ 30, 32]. *See* KRS § 511.040 (2008) (outlining elements of third-degree burglary); KRS § 506.010 (2008) (outlining element of criminal attempt); KRS § 520.030 (2008) (outlining elements of second-degree escape). Neither offense qualifies as a violent felony under the ACCA's use-of-force clause because neither offense has as an element the use, attempted use, or threatened use of violent force against

4

another. S*ee United States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violation categorically requires the use or attempted use of violent physical force). Similarly, neither conviction falls within one of § 924(e)'s enumerated categories of violent felony. *See, e.g.*, *James v. United States*, 550 U.S. 192, 208 (2007) (finding Florida attempted burglary was a violent felony under the residual clause), *overruled by Johnson*, 135 S. Ct. at 2563; *United States v. Lancaster*, 501 F.3d 673, 679–81 (6th Cir. 2007) (finding that Kentucky second-degree escape was a violent felony under the ACCA's residual clause). As such, *Johnson* prohibits use of the convictions to categorize Petitioner as an armed career criminal.

Without the ACCA enhancement, the maximum punishment to which Petitioner can lawfully be subjected is 120 months' incarceration, followed by three years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). His remaining crime of violence—the Ohio aggravated assault conviction [PSR ¶ 49]—results in a base offense level of 20 [*Id.* ¶ 14]. A three-level reduction for acceptance of responsibility [*Id.* ¶ 21], produces a total offense level of 25 and post-*Johnson* advisory range of 46 to 57 months' imprisonment [*Id.* ¶ 53 (citing Petitioner's criminal history category of V)]. The fact that Petitioner has already spent 93 months in prison conclusively demonstrates that he is entitled to collateral relief [Doc. 30 p. 6].

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). For purposes of the current case, the Court finds correction of Petitioner's sentence to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the

5

conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

## IV. CONCLUSION

For the reasons outlined above, Petitioner's motion [Docs. 29] will be **GRANTED** and his term of imprisonment will be reduced to a "time served" sentence. This order will take effect 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the judgment dated February 25, 2008 [Doc. 27] will be **AMENDED** to reflect a term of supervised release of three years.

**ORDER ACCORDINGLY.**

s/J. RONNIE GREER<br>
UNITED STATES DISTRICT JUDGE